MARY ANN KELLEY, APPELLANT, v. SAMUEL H. CASE,
COMMITTEE, ETC., OF KELSEY R. KELLEY, A LUNATIC,
RESPONDENT.

*Note given by husband to wife — how far valid — inchoate right of dower —
nature of — not included in chapter 90 of 1860, or chapter 172 of 1862.*

This action was brought upon a promissory note for $3,000, made by one Kelley
to the order of the plaintiff, his wife. It was given to induce her to relinquish
her inchoate right of dower in a house and lot sold by him for $2,500, such
inchoate right then being of the value of $390.92. Payments to the amount of
about $1,400 had been made upon it.
In this action by the wife against her husband, *held,* that the note was only
valid to the amount of the value of her inchoate right of dower, and that as
the payments made exceeded that amount the action could not be maintained.
A wife's inchoate right of dower is not included in the kinds of property specified
in section 1 of chapter 90 of 1860, nor is it within the provisions of section 7 of
that act, as amended by chapter 172 of 1862.
The rights of a husband and wife to contract with each other are only such as
necessarily arise from the separate ownership of property by the wife

APPEAL from a judgment in favor of the defendant, entered
upon the report of a referee.

The action was brought to recover the balance due on a promis-
sory note of $3,000, dated July 14, 1870, made by defendant,
Kelsey R. Kelley, payable to the plaintiff, Mary Ann Kelley, his
wife.

There had been paid and indorsed on said note, for principal
and interest, before the commencement of this action, about $1,400.

The parties were husband and wife at the time of the giving of
said note.

The note was given in consideration of plaintiff's releasing her
inchoate right of dower in a certain house and lot in the village of
Oneonta, N. Y., worth at the time, $2,500. Her inchoate dower
right being then worth $390.92.

The defendant sought to defeat a recovery on the note, on the
ground that there was no good or valuable consideration for the
giving of it; and also on the ground that the action could not be
maintained as the parties were husband and wife.

The referee found, that aside from and beyond the amount of

plaintiff's inchoate right of dower, the said promissory note was void, for want of any good or valuable consideration, and inasmuch as there had been paid on said note more than the value of such inchoate right of dower, on the principle of life annuities, directed a judgment in favor of defendant, dismissing the complaint with costs.

On the 22d of April, 1878, the defendant, Kelsey R. Kelley, was declared a lunatic, and Samuel H. Case was thereafter duly appointed the committee of his person and estate, and substituted as the defendant and authorized to defend the action.

*Geo. Scramling*, for the appellant. This action can be maintained by plaintiff, notwithstanding she is the wife of defendant. (*Wright* v. *Wright*, 54 N. Y., 437; *Power* v. *Lester*, 23 id., 527; *Dygert* v. *Reimschnider*, 32 id., 629; *Whitney* v. *Whitney*, 49 Barb., 319; *Brace* v. *Gould*, 1 Sup. C. R., 226.) The release by plaintiff of her inchoate right of dower in the house and lot was a good and valuable consideration and sufficient to uphold the entire note. (*Brooks* v. *Weaver*, 3 Alb. Law Jour., 283; *Doty* v. *Baker*, 11 Hun, 222; *Smart* v. *Haring*, 14 id., 276; *Douglas* v. *Douglas*, 11 id., 408, and cases there cited; 1 Hilliard on Real Property, 117; *Garlock* v. *Strong et al.*, 3 Paige, 440.) There being a good and valuable consideration for the giving of the note, it was error in the referee allowing defendant to attempt to show its inadequacy. (*Earl* v. *Peck, Adm., etc.*, 64 N. Y., 596; *Worth* v. *Case*, 42 id., 362; *Johnson* v. *Titus*, 2 Hill, 606; *Waydell* v. *Luer*, 3 Denio, 410 and 418; *Oakley* v. *Boorman*, 21 Wend., 588; *Rodman* v. *Munson*, 13 Barb., 188, 195; *Gilsey* v. *Wild*, 1 Hilt., 305; *Fay* v. *Richards*, 21 Wend., 625; *Gillespie* v. *Torrence*, 25 N. Y., 306; *Hunt* v. *Johnson*, 44 id., 27; 1 Wait L. and P., 87–88, and cases cited.) A consideration, though not a valuable one, is sufficient in equity to support transactions between husband and wife, when the claims of creditors do not intervene. (*Van Amburgh* v. *Kramer*, 16 Hun, 207; 4 Kent, 465; *Isenhart* v. *Brown*, 2 Edw. Chy. R., 341; *Bucklin* v. *Bucklin*, 1 Abb. App. Cas., 42; *Hunt* v. *Johnson*, 44 N. Y., 27; *Kelly* v. *Campbell*, 2 Abb. App. Decs., 492, 494, and cases cited; *Mack* v. *Mack*, 3 Hun, 323.)

*L. L. Bundy*, for the respondent. This note cannot be enforced in an action at law. (*Hunt* v. *Johnson*, 44 N. Y., 27, 31, 32, 36, 41; *Whitaker* v. *Whitaker*, 52 id., 368; *White* v. *Wager*, 25 id., 329; *Winans* v. *Peebles*, 32 id., 423; *Sheldon* v. *Clancy*, 61 Barb., 475; *Perkins* v. *Perkins*, 62 id., 527; *Van Order* v. *Van Order*, 8 Hun, 315, 316–317; *Meeker* v. *Wright*, 11 id., 533.)

*Per Curiam:*

Whatever an inchoate right of dower may be, it is not included in the kinds of property specified in section 1, chapter 90, Laws 1860. Nor can it come within the provisions of section 7 of that act as amended by chapter 172, Laws 1862. It is a right which a married woman has always had; and there is nothing in these acts which has changed its character, or has made it any more her sole and separate property than it always was.

But her right was formerly protected in equity. (*Garlick* v. *Strong*, 3 Paige, 440.) And on equitable principles it will now be protected. If she has been induced to release this right on a promise of compensation, such compensation should be made. The wife should be protected, if she has parted with her inchoate right, to the extent thereof.

Of course it is true, as the plaintiff insists, that mere inadequacy of consideration is not a defence to a promissory note; that is as between parties fully competent to contract with each other. But husband and wife are not fully competent. Originally they could not contract with each other at all at law. Now their additional rights to contract with each other are only such as necessarily arise from the separate ownership of property by the wife. In regard to this inchoate right of dower, we think it remains on the former footing; by which the wife will be protected against loss by reason of her release, induced by the husband's promise.

We think, therefore, that the referee rightly held that there could be no recovery for the balance of this note.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and FOLLETT, JJ.

Judgment affirmed, with costs.